THE PEOPLE OF THE STATE OF NEW YORK ex rel. SOPHIA G. VANDERVOORT, Executrix, etc., of CHARLES VANDERVOORT, Deceased, Appellant, *v.* EDWARD COOPER, Mayor, and JOHN KELLY, Comptroller of the City of New York, Respondents.

*Mandamus — right of a respondent, when an application is made for a mandamus, to move to vacate prior orders allowing a mandamus — 1870, chap. 383 — power of the mayor and comptroller to determine as to the validity of claims presented, under their power "to audit."*

Appeal from orders of the Special Term vacating two former orders granting writs of *mandamus* against the mayor and comptroller, and denying a motion for a writ of *mandamus* on the petition of the relator.

The relator moved for a *mandamus* to compel the mayor and comptroller to audit a certain claim of her testator, arising upon a

contract between him and the city for the erection of a public market. She set forth in her petition, among other facts, that there had been two previous writs of *mandamus*, in the first of which an order had been made by the Special Term, in September, 1873, granting a peremptory writ of *mandamus* requiring the audit of the claim by the then mayor and comptroller; that they wholly neglected and refused to obey said writ, and that afterwards, on the 23d of June, 1874, an order was granted to show cause why an attachment should not issue against them for their alleged contempt; that no further proceedings were had thereon, and that afterwards, on the 14th of September, 1874, the testator died; that afterwards, on further application to the Special Term, and on or about the 1st day of November, 1876, an *alias* writ of peremptory *mandamus* was issued against the then mayor and comptroller commanding them to audit the claim of said testator at the sum of $36,661.45, with interest from June 16, 1871, but that said mayor and comptroller did not obey said writ, and have neglected and refused to comply with the same. She then set forth that the persons then occupying the offices of mayor and comptroller had ceased to hold such office, but that Edward Cooper and John Kelly had, respectively, become mayor and comptroller and she had made a demand upon them to audit the claim and they had neglected and refused so to do. A cross motion was made by the respondents to vacate the two orders granting peremptory writs of *mandamus* as above stated. The court, as appears by its order, denied the motion for the writ of *mandamus* and vacated the two former orders granting such writs.

The court at General Term said : " The long period that elapsed between the granting of the former writs and the present motion seems to show great laches on the part of the relator, in not pursuing her alleged rights against the city. It was not incorrect practice on the part of the respondents to bring before the court, by their cross motion, the propriety of vacating the orders granting the writs; and we think it was within the power of the court to reconsider the orders and to vacate them if they appeared to have been improperly or improvidently granted. *Belmont* v. *Erie Railway Company* (52 Barb., 637) is an authority for such action, and that case is cited with approval by RAPALLO, J., in *Riggs* v.

*Pursell* (74 N. Y., 379). The relator, instead of pursuing the remedies already granted, chose to come into court upon all the facts existing in the case and present her new application upon its real or supposed merits. The court was not bound to regard the former orders as conclusive adjudications in her favor, but upon the motion of the respondent to vacate them was entitled to take such action as in its opinion the justice of the case demanded. We think it was not error to vacate the previous orders. The latter was erroneous, in that it was made after the death of the testator without having brought in any authorized representative; and the former, we think, was erroneous on its face in having arbitrarily commanded the mayor and comptroller to audit a claim at a fixed and specified amount. (*Howland* v. *Eldredge*, 43 N. Y., 457.) It was too late to correct that error by appeal, and since the relator chose to seek redress by application for a new *mandamus*, we think it was within the power of the court to reopen and consider the former applications and vacate the orders then made. They had become stale and unprofitable by the laches of long non-user, and should not be left to annoy the present respondents.

The *mandamus* was sought under the first section of chapter 383 of the Laws of 1870, which contained the following appropriation for building the eigthteenth ward market: 'And for liquidating all debts and liabilities incurred by the commissioners in erecting said market, $59,000, to be audited by the mayor and comptroller.' We think this provision clothed the mayor and comptroller with the power to audit the debts and liabilities mentioned therein, in the usual sense of that word, by using their judgment as to the existence and the just amount of the debts and liabilities, and that it was not competent for the Special Term to order the audit to be made at an arbitrary and fixed sum. The intention of the legislature was to confer upon those officers the power to ascertain and determine the amount of just claims entitled to be paid out of the sum appropriated. It was not a mere formal or clerical duty that was conferred upon them, but so far as related to the payment of any debts and liabilities claimed under the act they were to sit in judgment upon the questions of both liability and amount. We think, therefore, that the order of the Special Term, so far as it affects the previous writ of *mandamus*, should be affirmed.

But upon the facts before us we think it was error to deny to the relator all relief. There was certainly some small portion of the moneys appropriated by the provision of the act remaining in the treasury. That fact is a conceded one. There is also a controversy as to whether another and more considerable portion of the moneys is not still in the treasury, or has not been paid out without authority and under circumstances entitling the relator to raise the question that that may also be applied to her claim.

We think, since it has been settled by the judgment of one tribunal, that she cannot maintain any action without an audit, and since it is apparent that under the law nothing can be paid to her out of the provision referred to until an audit has first been made, that a *mandamus* was proper in the case directing the mayor and comptroller to proceed to audit the claim for the purpose of ascertaining the extent of actual indebtedness and liability thereon. As we have already said, this, of necessity, submits to those officers the power of determining, *pro hac vice*, the legality of the claim as well as its amount, for those facts are necessarily involved in the question whether it is a ' debt or liability' within the meaning of the provision above cited."

*Richard O. Gorman*, for the relator.

*Francis Lynde Stetson*, for the respondent.

Opinion *Per Curiam.*

Present — DAVIS, P. J., and BRADY, J.

Order affirmed in part, and as to residue reversed and *mandamus* granted as directed in opinion, without costs to either party.